507

(Reap. Dec. 10900)

A. J. Van Dugteren & Sons, Inc. *v*. United States

Entry No. 855534, etc.

(Decided February 25, 1965)

*John D. Rode* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

Lawrence, Judge: The appeals for a reappraisement enumerated in the schedule attached to and made part of this decision present the question of proper dutiable value of certain stainless steel cutlery.

The parties hereto have submitted this case for decision upon a stipulation of fact, the pertinent portions of which read as follows:

1. That with respect solely to item J 221 butter spreader, exported prior to February 1956, such or similar merchandise was not freely offered for sale in the country of exportation for home consumption or for exportation to the United States, nor was such or similar exported merchandise freely offered for sale for domestic consumption in the United States, and

That the cost of production as defined in Section 402(a) Value Alternative (f) Tariff Act of 1930 for such item J 221 butter spreader was the invoice price.

2. That with respect to all other merchandise covered by the instant appeals to reappraisement the appraised values, corrected to read in Austrian schillings in all cases instead of DM, represent the prices on or about the dates of exportation at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of Austria in the usual wholesale quantities and in the ordinary course of trade, there being no higher export value.

3. That the involved appeals may be deemed submitted on the foregoing stipulation, being limited to the items enumerated in the attached Schedule, and abandoned in all other respects.

Upon the agreed facts of record, I find and hold as follows:

1. With respect solely to item J 221 butter spreader, that cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930 (19 U.S.C. § 1402(f)), is the proper basis of value, and that said value is the invoice price.

2. That, with respect to all other merchandise covered by the instant appeals, foreign value, as that value is defined in section 402(c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U.S.C. § 1402(c)), is the proper basis of value, and that said value is the appraised values corrected to read in Austrian schillings in all cases instead of deutsche marks.

As to any other merchandise, the appeals are dismissed.

Judgment will be entered accordingly.